IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MIDDLE DISTRICT OF FLORIDA

Satyajith Bommana Boyana )   C/A No.: 8:25-cv-1019-WFJ-AAS
)
Plaintiff, )
)
v. )
)
Todd M. Lyons, Acting Director, U.S. )
Immigration and Customs Enforcement, )
)
Defendant. )
)

## PRO SE COMPLAINT

I, Satyajith Bommana Boyana, am a citizen and national of India. I am a student at the University of North Carolina at Greensboro. But I was told last week that ICE terminated my student status because:

> TERMINATION REASON: OTHERWISE FAILING TO MAINTAIN STATUS – Individual identified in criminal records check and/or has had their VISA revoked. SEVIS record has been terminated.

But I have no criminal record. I think ICE is either mistaken or acting illegally. I ask that you set aside ICE's termination so I can continue to go to school.

## PARTIES

1. Plaintiff Satyajith Bommana Boyana is a citizen and national of India who currently resides in Lakeland, FL. Satyajith Bommana Boyana is over eighteen years old and competent to bring this action.

2. Defendant is Todd M. Lyons, Acting Director, U.S. Immigration and Customs Enforcement. In his official capacity, Defendant is in charge of the Student and Exchange Visitor Program ("SEVP") which terminated Plaintiff's record in the Student and Exchange Visitor Information System ("SEVIS") and his F-1 student status. Defendant resides in Washington, DC.

## PRO SE ALLEGATIONS

3. Pursuant to 28 U.S.C. § 1654, individuals are entitled to file and prosecute their claims *pro se*: "In all courts of the United States *the parties may plead and conduct their own cases personally* or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654.

4. There is, after all, "no question that a party may represent his or her own interests in federal court without the aid of counsel." *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 522 (2007).

5. Plaintiff Satyajith Bommana Boyana is complying with the rules of this District's regulating *pro se* complaints.

6. Plaintiff Bommana Boyana does not have an attorney for purposes of this litigation.

7. For the convenience of the United States Attorney's Office, Satyajith Bommana Boyana provides the following:

    a. Name: Satyajith Bommana Boyana
    b. Email: satyajith92@gmail.com
    c. Phone Number: (336) 405-4958
    d. Physical Address: 4874 Foxglove Cir, Lakeland, FL 33811
    e. Mailing Address: 4874 Foxglove Cir, , Lakeland, FL, 33811

8. Plaintiff Satyajith Bommana Boyana understands that they must sign and mail any pleading, motion, notice, or other document that Satyajith Bommana Boyana files with the Court to:

    Clerk's Office
    801 N. Florida Ave.
    Tampa, FL 33602

9. Plaintiff Satyajith Bommana Boyana further understands they must mail a copy of any pleading, motion, notice, or other document that Satyajith Bommana Boyana files with the Court to the United States Attorney's Office at:

> U.S. Attorney's Office
> 400 North Tampa Street Suite 3200
> Tampa, FL 33602

10. Plaintiff Satyajith Bommana Boyana is not a registered user of PACER or this Court's CM/ECF. Thus, Plaintiff Satyajith Bommana Boyana authorizes, permits, and requests that the Court and counsel for the Defendant to communicate with Plaintiff Satyajith Bommana Boyana through their email (noted above) and mail any necessary correspondence to:

> 4874 Foxglove Cir,
> Lakeland, FL, 33811

11. Plaintiff Satyajith Bommana Boyana is available via phone, email, or mail to meet and confer with Defendant's counsel at any time.

## FACTS

12. Plaintiff Satyajith Bommana Boyana is a citizen and national of India.

13. I got accepted into the University of North Carolina at Greensboro in 2019.

14. Based on this acceptance, I got an F-1 visa.

15. I was admitted on an F-1 visa and I started attending classes immediately.

16. On Jan 18, 2025, I was charged with Petit Theft (1st Offense - second degree misdemeanor FS 812.014.(3)(a)). I am currently on a pre-trial diversion program for a low-level misdemeanor with a not guilty plea which ends the next month. I am not convicted. As per the contract, the case will be dismissed with a not guilty plea.

17. Then, I continued to go to class and pursue my degree.

18. On April 5, 2025, the international student services office at the University of North Carolina at Greensboro emailed me to tell me ICE terminated my SEVIS record.

19. Apparently, ICE went into my SEVIS record and wrote the following:

TERMINATION REASON: OTHERWISE FAILING TO MAINTAIN STATUS – Individual identified in criminal records check and/or has had their VISA revoked. SEVIS record has been terminated.

20. Now, I am out of status and accruing unlawful presence.

21. This really hurts Plaintiff Satyajith Bommana Boyana.

22. First, according to ICE, Plaintiff Satyajith Bommana Boyana no longer has F-1 status in the United States and they must leave immediately or risk detention and physical removal. Because they lost their status, they cannot extend his current status or change status to a new nonimmigrant visa.

23. Second, according to U.S. Citizenship and Immigration Services, Plaintiff Satyajith Bommana Boyana is now accruing unlawful presence, which will prevent them from acquiring a new visa in the future and can lead to a bar on their reentry.

24. Third, Satyajith Bommana Boyana was performing optional practical training ("OPT") as part of their F-1. On OPT, Satyajith Bommana Boyana has work authorization to work at a job in their field of study. But when the SEVIS/F1 was terminated, they lost their work authorization as well. Now Satyajith Bommana Boyana cannot work and support themselves. This hurts their career and professional development.

25. Fourth, ICE's claim that Plaintiff Satyajith Bommana Boyana has a criminal record stigmatizes them for any future employment in the United States or visa application. ICE claims that Plaintiff Satyajith Bommana Boyana has a criminal record which reflects on his moral

character and leaves him with the stigma associated with a criminal record. And Plaintiff Satyajith Bommana Boyana has no mechanism to set aside this stigma.

26. Finally, this is causing Plaintiff Satyajith Bommana Boyana significant mental anguish and suffering. Their school is uncertain. Their life in the United States is uncertain. And their immigration status is uncertain. This uncertainty is causing sleepless nights and stressful days.

27. ICE/SEVP's termination of Satyajith Bommana Boyana's SEVIS record and F-1 status is unlawful.

## VENUE AND JURISDICTION

28. This Court has jurisdiction over this case under 28 U.S.C. § 1331.

29. Under § 1331, this Court can hear challenges to final agency actions under 5 U.S.C. § 706(2). Termination of a SEVIS record and F-1 status is a final agency action, ripe for challenge. *See Fang v. Dir. U.S. Immigration and Customs Enforcement*, 935 F.3d 172 (3rd Cir. 2019).

30. Under § 1331, this Court can provide declaratory relief under 28 U.S.C. § 2201.

31. Venue is proper in this District and Division because Plaintiff lives in this district and division. 28 U.S.C. § 1391(e)(1)(C).

32. No statute or regulation requires any administrative exhaustion before filing suit.

## LEGAL BACKGROUND

33. F-1 students, unlike most nonimmigrants, are admitted for a "duration of status." *See* 8 C.F.R. § 214.2(f)(5)(i).

34. Regulations define a duration of status for an F-1 student as follows:

> **(i) General.** Duration of status is defined as the time during which an F-1 student is pursuing a full course of study at an educational institution certified by SEVP for attendance by foreign students, or engaging in authorized practical training following completion of studies, except that an F-1 student who is admitted to

> attend a public high school is restricted to an aggregate of 12 months of study at any public high school(s). An F-1 student may be admitted for a period up to 30 days before the indicated report date or program start date listed on the Form I-20 or successor form. The student is considered to be maintaining status if the student is making normal progress toward completing a course of study.

*Id.*

35. Because degree programs differ in length from program to program and school to school, F-1 students are generally admitted for the duration of their student status like Plaintiff.

36. To monitor and verify that an F-1 student does not overstay their status, U.S. Immigration and Customs Enforcement operate the Student Exchange and Visitor Program or SEVP. 8 U.S.C. § 1372. SEVP in turn certifies schools to accept F-1 students. 8 C.F.R. § 214.3(c). To qualify for SEVP-certification, schools must agree to report, update, and maintain information about each F-1 student in SEVP's Student and Exchange Visitor Information System or SEVIS. *Id.* at § 214.3(g).

37. SEVIS is nothing more than an online database housing data about all F-1 students that SEVP-certified schools are required to use for international students. 8 U.S.C. § 1372.

38. Schools are required to report certain events in SEVIS, such as the student's start date, course progress, and graduation. 8 C.F.R. § 214.3(g).

39. In turn SEVP monitors SEVIS to verify that F-1 students are "maintaining their status" throughout their "duration of status."

40. Regulation defines "maintaining status" for F-1 students as "making normal progress toward completing a course of study." 8 C.F.R. § 214.2(f)(5)(i).

41. So, if a student quits school, the school—through its "designated school officer" or DSO—reports the early withdrawal in SEVIS and terminates the student's SEVIS record and with it the student's F-1 status.

42. Depending on the reason for termination, ICE considers a student with a terminated SEVIS record as a nonimmigrant without status present in the United States and expects those nonimmigrants to leave the United States, though certain bases for termination do engender grace periods.

43. An F-1 student's SEVIS record and F-1 status can be terminated for a limited number of reasons. Without a SEVIS record, a student cannot have F-1 status. The two are inextricably intertwined.

44. First, a DSO can terminate a SEVIS record and F-1 status if the student does something wholly inconsistent with making normal progress toward completing a course of study, such as withdrawing early, never showing up at school, or graduating. *See generally* https://studyinthestates.dhs.gov/sevis-help-hub/student-records/completions-and-terminations/termination-reasons (last visited Apr. 9, 2025).

45. Second, a DSO can terminate a SEVIS record and F-1 status if the student commits certain actions that the regulations define as a failure to maintain status:

- "Any unauthorized employment by a nonimmigrant constitutes a failure to maintain status";
- "A nonimmigrant's willful failure to provide full and truthful information requested by DHS (regardless of whether or not the information requested was material) constitutes a failure to maintain status"; and
- "A nonimmigrant's conviction in a jurisdiction in the United states for a crime of violence for which a sentence of more than one year imprisonment may be imposed (regardless of whether such sentence is in fact imposed) constitutes a failure to maintain status[.]"

8 C.F.R. §§ 214.1(e)-(g).

46. Third, SEVP and ICE can take certain steps to terminate the F-1 student's SEVIS and F-1 status as follows:

> **Termination of status.** Within the period of initial admission or extension of stay, the nonimmigrant status of an alien shall be terminated by the revocation of

a waiver authorized on his or her behalf under section 212(d) (3) or (4) of the Act; by the introduction of a private bill to confer permanent resident status on such alien; or, pursuant to notification in the Federal Register, on the basis of national security, diplomatic, or public safety reasons.

8 C.F.R. § 214.1(d).

47. Finally, if ICE believes an F-1 student has failed to maintain their student status, it can place the student in removal proceedings where it bears the burden to prove by clear and convincing evidence the student is removable for failure to maintain status. 8 U.S.C. § 1227(a)(1)(C). If ICE carries its burden, an immigration judge can order an F-1 student removed, thereby terminating their SEVIS record and F-1 status.

48. There are no other reasons or mechanisms to "terminate" a student's SEVIS record or F-1 status.

## FIRST CAUSE OF ACTION
### (APA – Unlawful Decision)

49. ICE's termination of Satyajith Bommana Boyana's SEVIS record and F-1 status is unlawful, arbitrary and capricious, and in violation of law. 5 U.S.C. § 706(2).

50. It is indeed a final agency action that harms Satyajith Bommana Boyana for which there is no other adequate remedy in a court. 5 U.S.C. §§ 702, 704.

51. A final agency action is arbitrary and capricious where:

> the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

52. ICE's termination decision is arbitrary and capricious because:

a. It is *ultra vires* because ICE does not have authority to terminate SEVIS records and F-1 status without going through the mechanisms in 8 C.F.R. § 214.1(d);

b. It lacks reasoned decisionmaking because ICE fails to set forth the reasons for its decision or provide any reasoning;

c. It is arbitrary and capricious because Satyajith Bommana Boyana has no criminal record and, therefore, the decision failed to consider an important aspect of the problem;

d. It is arbitrary and capricious because Satyajith Bommana Boyana has no criminal record and, therefore, the decision runs counter to any evidence;

e. It is arbitrary and capricious because it interprets failure to maintain status unlawfully to include all interactions with the police;

f. It is arbitrary and capricious because Satyajith Bommana Boyana did not fail to maintain their status as student because they have been and continue to be "making normal progress toward completing a course of study," 8 C.F.R. § 214.2(f)(5)(i);

g. It violates 5 U.S.C. § 558(c) because F-1 status is a license—permission to attend a SEVP-certified school—and a license cannot be taken without notice and opportunity to remedy any defect, *see N. Rockies Reg'l Ctr., LLC v. Jaddou*, 743 F. Supp. 3d 1195, 1205-06 (D. Mont. 2024);

h. It violates the Due Process Clause of the Fifth Amendment because Plaintiff has a cognizable property or liberty interest in his SEVIS record and F-1 status and ICE provided no notice or opportunity to respond before it terminated Plaintiff's SEVIS record and F-1 status;

    i. Without a director appointed by the president and confirmed by the senate, ICE cannot terminate SEVIS or F-1 status without violating the Appointment's Clause of the United States Constitution; and

    j. ICE's termination of Plaintiff's SEVIS record and F-1 status is arbitrary and capricious for various other reasons that Plaintiff cannot identify until ICE turns over a certified administrative record. Thus, Plaintiff reserves the right to expand the bases for its claims that such decision is arbitrary and capricious until dispositive motions based on an administrative record.

53. For all of these reasons and those additional grounds that Plaintiff can identify after a review of the certified administrative record, ICE's termination of Plaintiff's SEVIS record and F-1 status must be set aside.

### CLAIM FOR EQUAL ACCESS TO JUSTICE ACT FEES

54. ICE's termination is substantially unjustified under the APA.

55. Plaintiff qualifies for fees under the Equal Access to Justice Act.

56. Plaintiff is entitled to reasonable attorney's fees under the Equal Access to Justice Act.

### PRAYER FOR RELIEF

Plaintiffs pray that this Court will:

57. Take jurisdiction over this case;

58. Enter a temporary restraining order or preliminary injunction, enjoining the effect of ICE's termination of Plaintiff's SEVIS record and F-1 status during the course of this litigation;

59. Declare ICE's termination decision unlawful;

60. Enter an order setting aside ICE's termination decision and enjoining ICE from terminating Plaintiff's SEVIS record and F-1 status without additional process in the future;

61. Order ICE to pay reasonable attorney's fees; and

62. Enter and issue other relief that this Court deems just and proper.

Executed on Apr 23, 2025

B. Satyajith
Satyajith Bommana Boyana

FIRST NAME: SATYAJITH    LAST NAME: BOMMANA BOYANA

EMAIL: Satyajith92@gmail.com    MOBILE#: 336 405 4958

ADDRESS: 4874 FOXGLOVE CIR,

LAKELAND FL 33811.